*182 Justice Scalia,
concurring.
I join the opinion of the Court. I write separately to clarify briefly the import of my joinder, and to respond at somewhat greater length first to Justice Stevens’ contention that this case, and cases like it, do not merit our attention, and second to Justice Souter’s claims about risks inherent in capital punishment.
I
Part III of the Court’s opinion—which makes plain why Walton v. Arizona, 497 U. S. 689 (1990), controls this case— would be sufficient to reverse the judgment below. I nonetheless join Part IV as well, which describes why Kansas’s death-penalty statute easily satisfies even a capital jurisprudence as incoherent as ours has become. In doing so, I do not endorse that incoherence, but adhere to my previous statement that “I will not . . . vote to uphold an Eighth Amendment claim that the sentencer’s discretion has been unlawfully restricted.” Id., at 673 (concurring in part and concurring in judgment).
II